# No. 22-1431

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

MUHAMMAD LEACH, Appellant,

v.

KATHLEEN A. BISCOE; ROBERT W. KELLEY; JACOB S. DAVIS; DIANE A. DAYA; NEIL INCH-DIORIO, Appellees.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

**APPELLANT'S REPLY BRIEF**

_____

Simone Hunter-Hobson
Pro Bono Counsel
(Admitted Under Rule 46.3)
UNIVERSITY OF PENNSYLVANIA
CAREY SCHOOL OF LAW
3501 Sansom Street
Philadelphia, PA 19104
(917) 576-2277

Will W. Sachse
Michael A. Fazio
Christopher J. Merken
Pro Bono Counsel
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-2496

# TABLE OF CONTENTS

ARGUMENT...................................................................................................1

 I. The Government Ignores Direct Record Evidence That Defendant Daya Filed a Misconduct Charge for Retaliatory Motives..1

 II. DC-ADM 804's Plain Language Forecloses Grievances Relating to a Misconduct Charge and Does Not Warrant Substantial Deference to the Government's Proposed Interpretation.....................................2

 III. The District Court's Failure to Provide Mr. Leach Notice and an Opportunity to be Heard Remained Improper in Light of Disputes of Material Fact................................................................................4

 IV. Mr. Leach Suffered an Adverse Action That Would Deter a Person of Ordinary Firmness to No Longer Engage in the Constitutionally Protected Conduct. .................................................7

CONCLUSION .................................................................................................9

# TABLE OF AUTHORITIES
**Cases**

*Brightwell v. Lehman*, 637 F.3d 187 (3d Cir. 2011). ..............................7

*El-Ganayni v. U.S. Dep't of Energy*, 591 F.3d 176 (3d Cir. 2010) ............3

*Frederick v. Herb*, No. 4:18-CV-02204, 2020 WL 1700439 (M.D. Pa. Apr. 8, 2020) ................................................................................................5

*Gardebring v. Jenkins*, 485 U.S. 415 (1988) ............................................2

*Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018) ................................5

*Robinson v. Superintendent Rockview SCI*, 831 F.3d 148 (3d Cir. 2016) 4

*Ross v. Blake*, 578 U.S. 632 (2016) ..........................................................2

*Saleem v. Brungart*, No. 20-1610, 2022 WL 17336208 (3d Cir. Nov. 30, 2022) ...................................................................................................3

*Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504 (1994) ........................2

**Statutes**

42 U.S.C. § 1997e ......................................................................................4

**Other Authorities**

Brief of Appellee, *Saleem v. Brungart*, No. 20-1610 (3d Cir. Apr. 15, 2022) ...................................................................................................3

Pennsylvania Department of Corrections Policy DC-ADM 801...............8

Pennsylvania Department of Corrections Policy DC-ADM 804...............2

# ARGUMENT

**I. The Government Ignores Direct Record Evidence That Defendant Daya Filed a Misconduct Charge for Retaliatory Motives.**

The government's focus on the time between Mr. Leach's grievance and Defendant Daya's misconduct charge simply ignores, and does nothing to refute, the *direct* evidence of Defendant Daya's retaliatory animus. She tauntingly told Mr. Leach that because "he likes to file grievances," he has "to take the misconduct report up with" the disciplinary Unit Manager. JA 133. This statement, alone, exhibits her retaliatory animus. Throughout this lawsuit, the government has ignored multiple opportunities to address this retaliatory statement by Defendant Daya.

Nor does the government address Defendant Inch-Diorio's statement that Mr. Leach's ongoing grievance warranted removal from his dietary work assignment, which also signaled retaliatory animus in response to Mr. Leach's grievance. JA 133. For these reasons, Mr. Leach has satisfied the burden of presenting sufficient *uncontested* evidence to prove that he suffered unconstitutional retaliation by Defendants.

## II. DC-ADM 804's Plain Language Forecloses Grievances Relating to a Misconduct Charge and Does Not Warrant Substantial Deference to the Government's Proposed Interpretation.

The government's claim that Mr. Leach was obligated to pursue his grievance regarding Defendant Daya's retaliatory misconduct charge using DC-ADM 804 does not comport with the plain language of the prison's grievance policy. The internal grievance policy plainly states that "issues concerning a *specific inmate misconduct charge* . . . must be addressed through Department policy DC-ADM 801, Inmate Discipline . . . ." JA 048 at DC-ADM 804 § 1(A)(7) (emphasis added). The government's contention that prisoners "should err on the side of exhaustion" is irrelevant here, as prisoners are only expected to err on the side of exhaustion when the prison's policy is "susceptible of multiple reasonable interpretations." *Ross v. Blake*, 578 U.S. 632, 644 (2016). DC-ADM 804's text does not and could not warrant any other interpretation.

Further, deference to the government's incorrect interpretation is unwarranted because the proper "reading" of DC-ADM 804 "'is compelled by the regulation's plain language . . . .'" *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994) (quoting *Gardebring v. Jenkins*, 485 U.S. 415, 430 (1988)). The government's interpretation of DC-ADM 804

2

cannot be deemed "controlling" because "it is plainly erroneous [and] inconsistent with" the policy's text. *El-Ganayni v. U.S. Dep't of Energy*, 591 F.3d 176, 187 (3d Cir. 2010).

Indeed, the government in *Saleem v. Brungart* explicitly recognized the unavailability of DC-ADM 804 for the same grievance claims pertaining to misconduct concerns. No. 20-1610, 2022 WL 17336208 (3d Cir. Nov. 30, 2022). In that case, Saleem alleged that the defendant retaliated and falsified a misconduct charge and report. Appellee's Br. at 25 (3d Cir. Case No. 20-1610 – ECF No. 26). The government in *Saleem* explained that "[t]he Facility Grievance Coordinator rejected Saleem's grievance because it attempted to grieve [the defendant] 'filing false statements' in misconduct report C081856." *Id*. In other words, because "[t]his type of grievance is *explicitly* a type not permitted to be grieved through DC-ADM 804 – *i.e.*, statements written within a misconduct," DC-ADM 804 remained unavailable. *Id*. (emphasis in original).

The government's argument in *Saleem* applies equally here—grievanaces related to the misconduct charge (or the charge's contents) are "*explicitly* a type not permitted to be grieved through DC-ADM 804." The government's reading of DC-ADM 804 in *Saleem* cannot be

3

reconciled with its diametrically opposite reading of DC-ADM 804 in this appeal.

### III. The District Court's Failure to Provide Mr. Leach Notice and an Opportunity to be Heard Remained Improper in Light of Disputes of Material Fact.

The government's heavy reliance on the Prison Litigation Reform Act (PLRA) and its grant of discretion to courts is misplaced. The PLRA does not go as far to grant courts unlimited discretion to independently raise and then adjudicate an administrative exhaustion issue that should and must be affirmatively raised by defendants. *See Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 153 (3d Cir. 2016) (emphasizing that "failure to exhaust is an affirmative defense that [the defendant] must plead and prove"). The PLRA specifically states that a court has the discretion to dismiss a lawsuit that "fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1). The District Court here, however, recognized that Mr. Leach asserted a legitimate retaliatory misconduct claim that could warrant relief but concluded that he procedurally defaulted based on its *sua sponte* conclusion that Mr. Leach failed to exhaust available administrative remedies. JA027.

It is well settled that when the District Court *sua sponte* raised this administrative exhaustion issue regarding Mr. Leach's retaliatory misconduct claim, it needed to provide Mr. Leach proper notice and an opportunity to be heard on this administrative exhaustion inquiry. As an example, in *Frederick v. Herb*, the district court still had to consider whether the prisoner "Plaintiff was on notice by the Moving Defendants' motion that the exhaustion of his administrative remedies was an issue on which the Court may grant summary judgment." No. 4:18-CV-02204, 2020 WL 1700439, at *5 (M.D. Pa. Apr. 8, 2020). Here, although a full-scale evidentiary hearing is not required for prisoners to show proper exhaustion, the District Court did not fulfill the minimum requirement of notifying Mr. Leach that "it will consider exhaustion in its role as a fact finder" with respect to his retaliatory misconduct claim. *Paladino v. Newsome*, 885 F.3d 203, 211 (3d Cir. 2018).

Furthermore, the District Court's grant of summary judgment *sua sponte* without notice remained improper because: (1) the record was not fully developed, (2) the lack of notice prejudiced Mr. Leach, and (3) the summary judgment decision was based on factual issues. As a main point of contention, the government claims that this question of administrative

5

exhaustion remains a purely legal issue that defeated the need to provide notice to Mr. Leach. Yet, material facts remained in dispute that the District Court did not consider. For example, the District Court concluded that Mr. Leach procedurally defaulted on his retaliatory misconduct claim based on the single fact that his retaliation claim "was summarily dismissed . . . and failed to comply with DOC grievance procedure." JA 021. The District Court further concluded that Mr. Leach had "not identified a basis to excuse his procedural default." *Id*.

If granted the proper opportunity, Mr. Leach could have disputed the fact about why the Facility Grievance Coordinator summarily dismissed his retaliatory misconduct claim. The Court did not provide any opportunity for Mr. Leach to identify a basis to excuse this procedural default, and if granted the opportunity, Mr. Leach could have presented pertinent facts about the unavailability of administrative remedies for his retaliatory misconduct claim.

Even if the exhaustion issue was not purely a factual issue, this mixed question of fact and law still warranted the District Court providing Mr. Leach an opportunity to present his arguments about why the internal prison policies offered no available remedy for his retaliatory

6

misconduct claim. The District Court granted summary judgment based on a conclusory finding that Mr. Leach failed to exhaust available administrative remedies but did not consider whether the internal prison policies even offered any available remedy for such claim. This error, at the minimum, warrants remand for the District Court to review the prison policies and determine the availability of any remedy for this retaliatory misconduct claim.

### IV. Mr. Leach Suffered an Adverse Action That Would Deter a Person of Ordinary Firmness to No Longer Engage in the Constitutionally Protected Conduct.

A misconduct charge and all its potential consequences, even if resolved through the informal resolution process, is an adverse action that could deter a person of ordinary firmness from exercising his constitutional right to file future grievances. The government's reliance on *Brightwell v. Lehman* does not support its claim that Mr. Leach did not suffer an adverse action. In *Brightwell,* the Court concluded that the plaintiff did not suffer an adverse action because his misconduct charge was dismissed. 637 F.3d 187, 194 (3d Cir. 2011). Here, Mr. Leach's charge was not dismissed. In fact, Defendant Biscoe's "no action" adjudication through the informal resolution process with respect to the falsified misconduct charge against Mr. Leach will forever and always be

"reflected on [Mr. Leach's] applicable block and work reports." JA 070 at DC-ADM 801 § 2(C)(4). As a tangible example, Defendant Daya's falsified misconduct charge, alleging that Mr. Leach failed to report to work, could negatively impact his reputation with work supervisors and may fuel this false narrative that Mr. Leach is an unreliable worker. The government asserts that Mr. Leach's informal resolution would not be "considered misconducts for purposes of parole or pre-release," but that assertion misses the point. *Id*. This falsified misconduct charge follows Mr. Leach throughout his time in prison and could potentially impact different facets of his life inside the prison.

It is important to note the significant consequence that arises from these retaliatory misconduct charges and the informal resolution process that the DC-ADM policies set forth. If a corrections officer files a falsified and retaliatory misconduct charge that results in an informal resolution without a formal sanction, a prisoner like Mr. Leach has no forum to seek meaningful redress and file a grievance against such unconstitutional conduct. This consequence warrants some form of relief whether through the internal prison policies or, absent an internal grievance forum, a federal lawsuit under 42 U.S.C. § 1983.

## CONCLUSION

For the foregoing reasons, this Court should vacate the District Court's entering judgment in favor of the Defendants and remand to the District Court for further proceedings.

Respectfully Submitted,

*/s/ Simone Hunter-Hobson*
Simone Hunter-Hobson
UNIVERSITY OF PENNSYLVANIA
CAREY SCHOOL OF LAW
3501 Sansom Street
Philadelphia, PA 19104
(917) 576-2277

/s/ *Will W. Sachse*
Will W. Sachse
Michael A. Fazio
Christopher J. Merken
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-2496

Dated: February 15, 2023

## CERTIFICATE OF ADMISSION TO THE BAR

Pursuant to 3d Cir. L.A.R. 28.3(d), I hereby certify that Will W. Sachse, Michael A. Fazio, and Christopher J. Merken are members in good standing of the bar of the United States Court of Appeals for the Third Circuit.

Date: February 15, 2023           */s/ Will W. Sachse*
Will W. Sachse
Michael A. Fazio
Christopher J. Merken
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-2496
will.sachse@dechert.com
michael.fazio@dechert.com
christopher.merken@dechert.com

# CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(A)

Appellant's Reply Brief contains 1,585 words, excluding those portions of the brief exempted by FED. R. APP. P. 32(f), and therefore complies with the limitation on brief length set forth in FED. R. APP. P. 32(a)(7)(B)(i).

Apellant's Reply Brief has been prepared in 14-point Century Schoolbook font and therefore complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6).

Date: February 15, 2023

*/s/ Will W. Sachse*
Will W. Sachse
Michael A. Fazio
Christopher J. Merken
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-2496
will.sachse@dechert.com
michael.fazio@dechert.com
christopher.merken@dechert.com

# CERTIFICATE OF COMPLIANCE WITH
## LOCAL RULE OF APPELLATE PROCEDURE 31.1(C)

Appellant's Reply Brief complies with the electronic filing requirements of 3d Cir. L.A.R. 31.1(c) because:

(1)   The text of the electronic brief filed with the Court is identical to the text of the paper copies of the brief to be filed with the Court and served on the parties; and

(2)   The PDF file containing this brief electronically filed with the Court via the electronic filing system was scanned for viruses using Windows Defender Antimalware Version 4.18.2211.5, Windows Defender Antivirus Version 1.381.202.0, and Windows Defender Antispyware Version 1.381.202.0 and no virus was detected.

Date: February 15, 2023                /s/ Will W. Sachse
                                       Will W. Sachse
                                       Michael A. Fazio
                                       Christopher J. Merken
                                       DECHERT LLP
                                       Cira Centre
                                       2929 Arch Street
                                       Philadelphia, PA 19104
                                       (215) 994-2496
                                       will.sachse@dechert.com
                                       michael.fazio@dechert.com
                                       christopher.merken@dechert.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2023, I caused the foregoing Appellant's Reply Brief to be filed through the Third Circuit CM/ECF system, which automatically served all parties entitled to service.

Date: February 15, 2023

*/s/ Michael A. Fazio*
Will W. Sachse
Michael A. Fazio
Christopher J. Merken
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-2496
will.sachse@dechert.com
michael.fazio@dechert.com
christopher.merken@dechert.com